Marc V. Kalagian
Attorney at Law: 4460
Law Offices of Lawrence D. Rohlfing, Inc., CPC
12631 East Imperial Highway Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562) 868-5886
Fax: (562) 868-8868
E-mail: marc.kalagian@rksslaw.com

Leonard Stone
Attorney at Law: 5791
Shook & Stone
710 South 4th Street
Las Vegas, NV 89101
Tel.: (702) 385-2220
Fax:  (702) 384-0394
E-mail: Lstone@shookandstone.com

Attorneys for Plaintiff
Nathaniel Uriah Basques

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NATHANIEL URIAH BASQUES,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | Case No.: 2:25-cv-01690-DJA<br><br>STIPULATION AND ~~PROPOSED~~ ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. §§ 1920; 2412; DECLARATION OF MARC V. KALAGIAN |

TO THE HONORABLE DANIEL J. ALBREGTS, MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT:

IT IS HEREBY STIPULATED, by and between the parties through their undersigned counsel, subject to the approval of the Court, that Nathaniel Uriah

-1-

Basques ("Basques") be awarded attorney fees in the amount of FOUR THOUSAND SEVEN  HUNDRED dollars ($4,700.00) and expenses in the amount of ZERO dollars ($0.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of ZERO dollars ($0.00) under 28 U.S.C. §§ 1920; 2412.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Basques, the government will consider the matter of Basques's assignment of EAJA fees to Marc Kalagian.  The retainer agreement containing the assignment is attached as exhibit 1.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Basques, but if the Department of the Treasury determines that Basques does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, Inc., CPC, pursuant to the assignment executed by Basques.[1]  Any payments made shall be delivered to Law Offices of Lawrence D. Rohlfing, Inc., CPC. Counsel agrees that any payment of costs may be made either by electronic fund transfer (ETF) or by check.

---

[1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

This stipulation constitutes a compromise settlement of Basques's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Basques and/or Marc Kalagian including Law Offices of Lawrence D. Rohlfing, Inc., CPC, may have relating to EAJA attorney fees in connection with this action.

///

///

///

This award is without prejudice to the rights of Marc Kalagian and/or the Law Offices of Lawrence D. Rohlfing, Inc., CPC, to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: February 23, 2026 Respectfully submitted,

LAW OFFICES OF LAWRENCE D. ROHLFING, INC., CPC

/s/ *Marc V. Kalagian* [2]

BY:_____
Marc V. Kalagian
Attorney for plaintiff
NATHANIEL URIAH BASQUES

DATED: February 23, 2026        SIGAL CHATTAH
United States Attorney

/s/ *David Priddy*

_____
DAVID PRIDDY
Special Assistant United States Attorney
Attorneys for Defendant
FRANK BISIGNANO, Commissioner of Social
Security (Per e-mail authorization)

**ORDER**

Approved and so ordered:

DATE: 2/24/2026

THE HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] Counsel for the plaintiff attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

-4-

**DECLARATION OF MARC V. KALAGIAN**

I, Marc V. Kalagian, declare as follows:

1. I am an attorney at law duly admitted to practice before this Court in this case. I represent Nathaniel Uriah Basques in this action. I make this declaration of my own knowledge and belief.

2. I attach as exhibit 1 a true and correct copy of the retainer agreement with Nathaniel Uriah Basques containing an assignment of the EAJA fees.

3. I attach as exhibit 2 a true and correct copy of the itemization of time in this matter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this February 23, 2026, at Santa Fe Springs, California.


/s/ *Marc V. Kalagian*

_____

Marc V. Kalagian

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 12631 East Imperial Highway, Suite C-115, Santa Fe Springs, California  90670.

On this day of February 23, 2026, I served the foregoing document described as STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mr. Nathaniel Uriah Basques
471 Wilber Way
Pahrump, NV 89048

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Santa Fe Springs, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of this court at whose direction the service was made.

Marc V. Kalagian   ___
TYPE OR PRINT NAME

/S/ Marc V. Kalagian_____
SIGNATURE

# SOCIAL SECURITY REPRESENTATION AGREEMENT

This agreement was made on July 29, 2024, by and between the Law Offices of Lawrence D. Rohlfing, Inc., CPC referred to as attorney and **Nathaniel Uriah Basques**, S.S.N. **7143** herein referred to as Claimant.

1. Claimant employs and appoints Law Offices of Lawrence D. Rohlfing, Inc., CPC to represent Claimant as Nathaniel Uriah Basques's Attorneys at law in a Social Security claim regarding a claim for disability benefits and empowers Attorney to take such action as may be advisable in the judgment of Attorney, including the taking of judicial review.

2. In consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive **25% of the past due benefits** awarded by the Social Security Administration to the claimant and auxiliaries or **such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is $7,200 for cases granted through November 30, 2024, and $9,200 for cases granted after November 30, 2024**, whichever is **smaller**, upon successful completion of the case **at or before a first hearing decision from an ALJ**. If the Claimant and the Attorney are unsuccessful in obtaining a recovery, Attorney will receive no fee. This matter is subject expedited fee approval except as stated in ¶3.

3. The provisions of ¶ 2 only apply to dispositions at or before a first hearing decision from an ALJ. The fee for successful prosecution of this matter is **25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration**. Attorney shall petition for authorization to charge this fee in compliance with the Social Security Act for all time whether exclusively or not committed to such representation.

4. If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.

5. Claimant shall pay all costs, including, but not limited to costs for medical reports, filing fees, and consultations and examinations by experts, in connection with the cause of action.

6. Attorney shall be entitled to a reasonable fee; notwithstanding the Claimant may discharge or obtain the substitution of attorneys before Attorney has completed the services for which he is hereby employed.

7. Attorney has made no warranties as to the successful termination of the cause of action, and all expressions made by Attorney relative thereto are matters of Attorney's opinion only.

8. This Agreement comprises the entire contract between Attorney and Claimant. The laws of the State of California shall govern the construction and interpretation of this Agreement except that federal law governs the approval of fees by the Commissioner or a federal court. Business and Professions Code § 6147(a)(4) states "that the fee is not set by law but is negotiable between attorney and client."

9. Attorney agrees to perform all the services herein mentioned for the compensation provided above.

10. Client authorizes attorney to pay out of attorney fees and without cost to client any and all referral or association fees to Lupe Storck, not to exceed 25% of fees.

11. The receipt from Claimant of __none__ is hereby acknowledged by attorney to be placed in trust and used for costs.
It is so agreed.

/s/ *Marc V. Kalagian*

Marc V. Kalagian 7-18-25

/s/ *Brian Shapiro*

_____
Nathaniel Uriah Basques

Law Offices of Lawrence D. Rohlfing, Inc., CPC
Brian C. Shapiro

*Nathaniel Basques*

Social Security case
Supervising Attorney Marc V. Kalagian at $258.46
Responsible  Attorney     Brian C. Shapiro at $258.46
Paralegal:  Enny Perez a at $179

| DATE: | TIME: | PLGL: | DESCRIPTION: |
|---|---|---|---|
| 21-Jul-25 | 0.2 | EP | fee waiver to client |
| 9-Sep-25 | 0.4 | EP | review and filing of complaint to review the final decision of the Commissioner |
| 9-Sep-25 | 0.2 | EP | receipt of notice of interested parties |
| 9-Sep-25 | 0.2 | EP | review of option to decline |
| 11-Sep-25 | 0.2 | EP | preparation of letter to client with status |
| 14-Nov-25 | 0.2 | EP | review of notice of appearance |
| 16-Sep-25 | 0.2 | EP | review of order granting IFP |
| 14-Nov-25 | 0.9 | EP | receipt of transcript; OCR, preparation of memorandum to MVK and BCS regarding same |
| 17-Nov-25 | 0.2 | EP | Letter to client re: status |
| 11-Feb-25 | 0.4 | EP | Letter to client re: status |
| 11-Feb-25 | 0.1 | EP | receipt of judgment |
| 11-Feb-25 | 0.1 | EP | receipt of memorandum and opinion |

| Subtotals | 3.3 | | $590.70 |
|---|---|---|---|

| DATE: | TIME: | ATTY: | DESCRIPTION: |
|---|---|---|---|
| 18-Jul-25 | 0.9 | BCS | review of final decision |
| 18-Jul-25 | 0.5 | MVK | review of file and authorize to proceed to DC |
| 21-Jul-25 | 0.5 | BCS | preparation of letter to client regarding District Court |
| 9-Sep-25 | 1 | BCS | preparation of complaint |
| 9-Sep-25 | 0.3 | MVK | review and revise complaint for filing |

| | | | |
|---|---|---|---|
| 14-Nov-25 | 0.1 | BCS | receipt of memorandum from EP |
| 9-Dec-25 | 5.3 | BCS | Beginning of DC opening brief |
| 10-Dec-25 | 4.7 | BCS | continuation and completion of opening brief |
| 11-Dec-25 | 0.5 | MVK | review and revise brief for filing |
| 8-Jan-26 | 0.2 | MVK | receipt of email from ARC re EOT and response |
| 9-Jan-26 | 0.1 | MVK | receipt and review of order re EOT |
| 5-Feb-26 | 0.2 | MVK | receipt and review of email from ARC re remand |
| 5-Feb-26 | 0.7 | BCS | review of file and stipulation for remand; t/c with client re same |
| 5-Feb-26 | 0.1 | MVK | email response to ARC re remand |
| 12-Feb-26 | 0.2 | BCS | review of order and judgment of remand |
| 17-Feb-26 | 0.2 | BCS | preparation of letter to client re scope of remand |
| 19-Feb-26 | 0.7 | BCS | preparation of EAJA request to ARC |
| | 0.5 | BCS | preparation of EAJA stip |

| Subtotals | 16.7 | | $4,316.28 |
|---|---|---|---|
| **TOTAL EAJA** | | | **$4,906.98** |